IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARGE PRACTICE SALES, LLC,<br><br>                          Plaintiff,<br><br>-against-<br><br>JOSEPH M. VITAGLIANO,<br>JOSEPH VITAGLIANO D.M.D., P.C., VITAGLIANO ORTHODONTICS OF MASSAPEQUA PLLC,<br><br>                          Defendant. | Civil Action No._____<br><br><br>**COMPLAINT** |

Plaintiff, Large Practice Sales, LLC ("LPS"), for its *Complaint* and cause of action against the Defendants, Joseph M. Vitagliano, ("Doctor"), Joseph Vitagliano D.M.D, P.C. (the "PC"), and Vitagliano Orthodontics of Massapequa PLLC (the "PLLC") (Doctor, PC and PLLC are hereinafter collectively referred to as "Defendants" or "Owner"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action arising from Owner's failure to pay in full a contractually agreed upon fee to LPS.

2. Plaintiff and the Defendants entered into an agreement where LPS agreed to serve as an advisor for the sale of the PC and PLLC. The agreement provided that LPS would be compensated with an 8% transaction fee, which given the ultimate purchase price was $2,723,600. Defendants have only paid Plaintiff $1,545,555 and have failed to pay the remaining $1,178,045.

**JURISDICTION AND VENUE**

3. Plaintiff is a Delaware limited liability company.

4. Upon information and belief, Doctor is an individual who was domiciled in and a citizen of the State of New York, PC is a New York professional corporation with its principal place of business in the New York, and PLLC is a New York professional limited liability company.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in the Eastern District of New York.

## THE PARTIES

7. LPS is a Delaware limited liability company. The members of LPS are Charles Fichtner, II, a citizen of the State of Texas, John Harris, a citizen of the State of Florida and Wilkins Consulting L.L.C., an Arkansas limited liability company that is owned by Matthew Wilkins, a citizen of the State of Arkansas. LPS's principal place of business is 8445 Freeport Parkway, Suite 650, Irving, Texas 75603.

8. Upon information and belief, Doctor is an individual who is domiciled at 1576 Laurel Hollow Road, Syosset New York, 11791.

9. PC is a New York professional corporation with its principal place of business in New York. Upon information and belief, Doctor is the Chief Executive Officer of PC. PC's principal place of business is 150 Higbie Lane, West Islip, New York, 11795.

10. PLLC is a New York professional limited liability company. Upon information and belief, Doctor is the sole member of PLLC and PLLC's principal place of business is 200 Boundary Avenue, #202, Massapequa, New York, 11758.

## FACTUAL BACKGROUND

11. LPS is a transaction advisor that arranges transactions between dental practices and so-called Invisible Dental Support Organizations (IDSOs). IDSOs purchase a certain portion of dental practices and become silent partners in the dental practices. This allows dental practices to

monetize a portion of the practice. Typically, LPS is only paid at the close of a transaction between a dental practice and IDSO where it then receives a percentage transaction fee.

12. On or about March 1, 2022, LPS, Doctor, PC, and PLLC entered into an Engagement Agreement (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 1.

13. The Agreement lists "Dr. Joseph Vitagliano" as "Doctor."

14. The Agreement references "Joseph M. Vitagliano PC." This is a mutual mistake of fact and was meant to reference PC.

15. The Agreements references "Mass Vitagliano Ortho PLLC." This was a mutual mistake of fact and was meant to reference PLLC.

16. The Agreement refers to Dr. Joseph Vitagliano, Joseph M. Vitagliano PC, Mass Vitagliano Ortho PLLC, collectively as "Owner."

17. Under Paragraph 1 of the Agreement, titled "Engagement and Services" LPS agreed to "identify and contact potential Buyers to ascertain their interest in a Transaction" and "advise and assist the Owner in its negotiation of the financial aspects of a Transaction."

18. Under Paragraph 2 of the Agreement, titled "Compensation," the parties agreed that "[t]he fees payable to LPS for the foregoing services shall be as follows: For any Transaction that is consummated during the Term or Tail Period (as defined below), a fee (a "Transaction Fee") that is equal to eight percent (8%) of the Consideration (as defined below) to Owner."

19. Paragraph 2 of the Agreement defines "Transaction" as "(a) a merger, consolidation, joint venture or other business combination pursuant to which the business or substantially all of the assets, good will or intellectual property rights of the Practice or Doctor are acquired by a Buyer; (b) the acquisition, directly or indirectly, by a Buyer by way of tender or exchange offer, negotiated purchase or other means of beneficial or record ownership of some or all of the outstanding

interests in the Practice, an affiliate of the Practice, or a subsidiary thereof, or any rights to acquire the same; and/or (c) the acquisition by a Buyer, directly or indirectly, of all or substantially all of the assets, properties and/or business of the Practice."

20. Paragraph 7 of the Agreement defines the Term of the Agreement as the "initial term of this Agreement shall be for a period of six (6) months from the date of this Agreement and shall automatically renew successive periods of six (6) months unless it is terminated by Owner or LPS as provided herein."

21. Paragraph 2 of the Agreement defines "Consideration" as "all value received by Owner as a result of a Transaction."

22. Under Paragraph 3 of the Agreement, the parties agreed that "the Transaction Fee shall be payable in full in cash upon the closing of the applicable Transaction (i.e., the signing and delivery of the closing documents for the Transaction, and the initial funding of the Transaction)."

23. Under Paragraph 12 of the Agreement, "[s]hould either party file suit to enforce this Agreement, the prevailing party shall be entitled to recover its costs, including reasonable attorneys' fees."

24. Doctor signed the Agreement both in a personal capacity and for "Joseph M. Vitagliano PC and Mass Vitagliano Ortho PLLC."

25. Upon information and belief, on September 21, 2022, Defendants completed a Transaction, as defined in the Agreement, with an IDSO for a purchase amount of $34,045,000.

26. As a Transaction was consummated during the Term of the Agreement, Defendants owed LPS a Transaction Fee of 8% of the $34,045,000 Consideration, or $2,723,600.

27. Accordingly, LPS sent an invoice on or about September 13, 2022 to Defendants with the description, "Fee for Services Rendered — Paid in Full" for $2,723,600.

28. On September 21, 2022, Defendants paid only $1,545,555.

29. On September 22, 2022, Plaintiff inquired about the full balance of the Transaction Fee. Defendants did not respond.

30. As of the date of this Complaint, Defendants continue to owe Plaintiff the remaining $1,178,045 balance of the Transaction Fee.

## COUNT I
### (Breach of Contract)

31. Plaintiff restates the allegations in each of the preceding paragraphs as if fully set forth herein.

32. The Agreement is a valid, binding and fully enforceable contract.

33. LPS performed all of its obligations under the Agreement, and the Transaction was consummated during the Term Period of the Agreement.

34. Without right or justification, Defendants materially breached their obligation to pay the full amount of the Transaction Fee.

35. As a direct result of Defendants' breach of the Agreement, LPS has suffered substantial damages in an amount to be determined at trial, but, in any event, no less than one million, one hundred seventy-eight thousand and forty-five dollars ($1,178,045).

36. Pursuant to Paragraph 12 of the Agreement, Defendants are also entitled to all costs related to this litigation, including reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendant, as follows:

A. On Count I, that LPS be awarded damages in an amount of no less than one million, one hundred seventy-eight thousand and forty-five dollars ($1,178,045).

B. That LPS be awarded pre-judgment and post-judgment interest at the statutory rate, together with reasonable attorneys' fees, and any expenses, costs and disbursements incurred by LPS in bringing this action.

C. That LPS be awarded such other and further relief as the Court may deem just and proper.

Dated: October 7, 2022
       New York, New York

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Anthony Lauriello*

   Mark D. Robertson, Esq.
   Anthony Lauriello, Esq.
   1301 Avenue of the Americas
   New York, New York 10019
   Telephone: (212) 318-3000
   Facsimile: (212) 318-3400
   mark.robertson@nortonrosefulbright.com
   anthony.lauriello@nortonrosefulbright.com

**ALBRIGHT, RUSHER & HARDCASTLE**

   James W. Rusher
   (to be admitted *pro hac vice*)
   2600 Bank of America Center
   15 West 6th Street
   Tulsa, OK 74119
   Telephone: (918) 583-5800
   Facsimile: (918) 583-8665
   jwrusher@arhlaw.com

   *Attorneys for Plaintiff*
   *Large Practice Sales, LLC.*